## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PHILIP JENSEN,                          :
                                        :
                    Plaintiff,          :
        v.                              :        Civil Action No. 23-cv-01811 (ACR)
                                        :
SECURITIES AND                          :
EXCHANGE COMMISSION,                    :
                                        :
                    Defendant.          :

## ORDER

This case brought under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, is before the Court on cross-motions for summary judgment. *See* Defendant's Motion for Summary Judgment, Dkt. 22; Plaintiff's Combined Opposition, Dkt. 25, and Cross-Motion for Summary Judgment, Dkt. 26. For the reasons explained below, the Court **GRANTS** Defendant's Motion and **DENIES** Plaintiff's Cross-Motion.

## I.   BACKGROUND

### A.   Request No. 23-00980-FOIA

On February 1, 2023, Plaintiff Philip Jensen, proceeding *pro se*, submitted a FOIA request to Defendant United States Securities and Exchange Commission (SEC), seeking "all contract agreement(s) in relation to: (A) Committee on Uniform Securities Identification Procedures ("CUSIP") number 72202L454 and (B) CUSIP number 41012P797." Dkt. 14, ¶¶ 7–8. The SEC's FOIA Office received the request on February 8, 2023, and designated it "Request No. 23-00980-FOIA." Declaration of Mark Tallarico, Dkt. 22-2, ¶ 5; *see* Declaration of Philip Jensen, Dkt. 25, 9–14, ¶ 5.

In this Request, Plaintiff indicated that he expected responsive records to be stored in the System of Records Notice for the SEC's Division of Corporation Finance (System SEC-01). *See*

Dkt. 14-2 at 1.  In response, FOIA office staff contacted Corporation Finance and requested that it conduct a search for the requested contract agreements.  Dkt. 22-2. ¶ 6.  Corporation Finance replied to the FOIA office staff, stating that CUSIP numbers "are not used to track filings with the SEC," and instead are used to both identify associated securities and their documentation and assist in facilitating "the clearance and settlement process[.]" *See id.* ¶¶ 6–7.  The SEC subsequently informed Plaintiff that "records and/or information regarding CUSIP numbers are not agency records." *Id.* ¶ 8; *see* Dkt. 14 ¶¶ 9–12; Dkt. 14-2 at 5.

On March 24, 2023, Plaintiff appealed that determination to the OGC. *See* Dkt. 14-2 at 7. In his appeal, Plaintiff advised that he now sought "contract agreements fil[]ed with the SEC like 8-K Reports [and] Pooling and Service Agreements[.]" *Id.* The OGC designated this appeal as "Appeal No. 23-00310-APPS," and Mark Tallarico conducted a search of the SEC's Electronic Data Gathering, Analysis, and Retrieval (EDGAR) database,[1] "the primary system for companies and individuals to submit filings and other documents" as required by statute.  Dkt. 22-2 ¶ 11–12. Because the SEC does not use CUSIP numbers, *see id.* ¶¶ 7, 25, Tallarico conducted an external internet search and found that "CUSIP number 72202L454 is [associated with the security] PIMCO RAE US Small Fund Class A (ticker symbol PMJAX)[,]" *see id.* ¶ 13 (citing https://www.pimco.com/en-us/investments/mutual-funds/rae-us-small-fund/a).  Tallarico could not find any security associated with CUSIP number 41012P797.  *See id.*  Tallarico then searched EDGAR using the ticker symbol PMJAX which did not yield any results.  *See id.* ¶ 14.  Without the name of the associated security, if any, for CUSIP number 41012P797, he could not search for information relating to it because EDGAR cannot be searched by CUSIP number.  *See id.* ¶¶ 13–14.

---

[1]    The EDGAR database is also available to be searched by the public.  *See* Dkt. 22-2 ¶ 11.

Accordingly, on May 1, 2023, the OGC sent Plaintiff a letter denying his appeal and explained the scope of the EDGAR searches conducted by the OGC. *See* Dkt. 14-2 at 11–12.

**B.  Request No. 23-02848-FOIA**

On June 21, 2023, Plaintiff submitted a second FOIA request to the SEC seeking "all [SEC] forms that were filed with the SEC for CUSIP numbers(s) [sic] 72202L454 and 41012P797." Dkt. 14-2 at 19.  The SEC's FOIA Office received Plaintiff's second FOIA request on July 10, 2023, and designated it "Request No. 23-02848-FOIA." Dkt. 22-2 ¶ 16, 18. In that request, Plaintiff again indicated that he expected responsive records to be stored with Corporation Finance." Dkt. 14-2 at 19.  He also attached a CUSIP report to the request, identifying the security for CUSIP number 72202L454 as PIMCO RAE US Small Fund (ticker symbol PMJAX), and the security for CUSIP number 41014P797 (cited incorrectly as "41012P797" by Plaintiff in the body of both Requests) as John Hancock Government Income Fund (ticker symbol TCGIX). *See id.* at 20–21.

The SEC's FOIA Office conducted an EDGAR search using the security names and ticker symbols provided by Plaintiff in his second request for any filings associated with CUSIP numbers 72202L454 and 41012P79, *see id.* at 31–32, but it did not locate any responsive records, *id.* at 22–23.  On July 18, 2023, the FOIA Office informed Plaintiff of the same and closed Request No. 23-02848-FOIA. *See id.*

On August 8, 2023, Plaintiff appealed this second response letter, *see id.* at 24–28, and the OGC designated the appeal as "Appeal No. 23-00560-APPS" and assigned the appeal to Mark Tallarico.  Dkt. 22-2 ¶ 21. Tallarico searched EDGAR for any documents responsive to Request No. 23-02848-FOIA and "for filings by the funds identified in the CUSIP reports attached to the request[.]" *Id.* ¶ 22. More specifically, he repeatedly searched the EDGAR field of "[c]ompany name, ticker, CIK number[,] or individual's name[,]" by inputting "PIMCO RAE US Small Fund,"

"PMJAX," "John Hancock Government Income Fund," and "TCGIX," but those searches did not produce any responsive documents.  *See id.*

Accordingly, on September 11, 2023, the OGC sent Plaintiff a letter denying the appeal, explaining that both the FOIA Office and the OGC searched EDGAR for any responsive records but found none.  *See* Dkt. 14-2 at 31–32.

### C.  The Instant Matter

On June 20, 2023, shortly after Appeal No. 23-00310-APPS was denied and just before he submitted FOIA Request No. 23-02848-FOIA, Plaintiff filed this lawsuit challenging the adequacy of the SEC's search and response to Request No. 23-00980-FOIA.  Dkt. 1.  On October 5, 2023, Plaintiff filed an Amended Complaint, which added a claim challenging the SEC's search and response to Request No. 23-02848-FOIA.  Dkt. 14.  On March 5, 2024, the SEC filed its Motion for Summary Judgment, Dkt. 22, and in response, on April 15, 2024, Plaintiff filed the Opposition and Cross Motion,[2] Dkts. 25, 26, to which the SEC filed a Reply, Dkt. 28.

## II.  LEGAL STANDARD

In a FOIA case, a district court reviews the agency's decisions *de novo* and "the burden is on the agency to sustain its action." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).  "[T]he vast majority of FOIA cases can be resolved on summary judgment." *Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011).  Under Federal Rule of Civil Procedure 56, "[a] party is entitled to summary judgment only if there is no genuine issue of material fact and judgment in the movant's favor is proper as a matter of law." *Ctr. for Auto Safety*

---

[2]     On April 26, 2025, Plaintiff filed a Motion for Leave to file a Supplement, Dkt. 27, to his Opposition and Cross-Motion for Summary Judgment, which the Court granted by Minute Order on April 29, 2024, ordering Plaintiff to file any such supplement no later than June 3, 2024.  *See* Min. Order (dated Apr. 29, 2024).  That deadline has since elapsed and, to date, Plaintiff has neither filed a supplement nor requested additional time to comply with the Court's Minute Order.

*v. Nat'l Highway Traffic Safety Admin.*, 452 F.3d 798, 805 (D.C. Cir. 2006), *cert. denied*, 139 S.Ct. 1544 (2019). Summary judgment can be granted based on agency affidavits "if they contain reasonable specificity of detail rather than merely conclusory statements, and if they are not called into question by contradictory evidence in the record or by evidence of agency bad faith." *Aguiar v. Drug Enf't Admin.*, 865 F.3d 730, 7335 (D.C. Cir. 2017) (cleaned up).

"[T]o satisfy FOIA's aims" of government transparency, an agency must demonstrate that an adequate search for records responsive to a FOIA request was made. *Montgomery v. IRS*, 40 F.4th 702, 714 (D.C. Cir. 2022). This requires showing the agency "made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Id*. (cleaned up). The D.C. Circuit has explained that "[w]hile the agency need not search every record system, it also may not limit its search to only one record system if there are others that are likely to turn up the information requested." *Id*. (cleaned up).

In short, summary judgment is inappropriate only "if a review of the record raises substantial doubt as to the search's adequacy, particularly in view of well defined requests and positive indications of overlooked materials." *Shapiro v. United States DOJ*, 40 F.4th 609, 613 (D.C. Cir. 2022) (cleaned up), *cert. denied*, 143 S.Ct. 526 (2022).

In assessing an agency's fulfillment of its FOIA obligations, an agency's declarations are accorded "a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence and discoverability of other documents." *Id.* (cleaned up).

## III.   ANALYSIS

The SEC bears the initial burden of showing that its searches were adequate. *See Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984). The adequacy of an agency's search is measured by a standard of reasonableness under the circumstances. *See Truitt v. U.S. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990). When an agency's declarations explain in

reasonable detail the scope and method of the search, *see Morley v. CIA*, 508 F.3d 1108, 1116 (D.C. Cir. 2007) (citations omitted), they are sufficient to show compliance absent "contrary evidence." *North v. U.S. Dep't of Justice*, 774 F. Supp. 2d 217, 222 (D.D.C. 2011) (citing *Perry v. Block*, 684 F.2d 121, 127 (D.C. Cir. 1982) (per curiam)).  Here, given the evidence presented, the Court is satisfied that the SEC's searches were adequate and reasonable under the circumstances.

The SEC has submitted a Declaration from Tallarico, who bears a wealth of experience regarding (1) the types of documents that the SEC maintains, (2) the SEC's FOIA policies and procedures, and (3) Plaintiff's FOIA Requests, as he was personally responsible for their handling. *See* Dkt. 22-2 ¶¶ 1–4, 11, 22.

The Court finds that Tallarico's Declaration sets forth in reasonable detail, and in good faith, the type of information the agency (and its relevant components) retains, how it is organized, and how searches using the database are conducted.  *See id.* ¶¶ 6–7, 10–15, 22–25.  Tallarico specifically describes why EDGAR was searched, why the security names and ticker symbols were used as terms, avers that the searches were reasonable, and clearly explains why no responsive records were found.  *See id.*  Consequently, the Court finds that the SEC has met the FOIA's obligations by showing "in reasonable detail the scope and method of the search[es] conducted by the agency[,]" *Perry*, 684 F.2d at 127, and that those searches were reasonable under attendant circumstances, *see White v. Dep't of Justice*, 840 F. Supp. 2d 83, 89 (D.D.C. 2012), *aff'd sub nom. White v. U.S. Dep't of Justice EOUSA*, No. 12–5067, 2012 WL 3059571 (D.C. Cir. July 19, 2012) (per curiam).  The burden then shifts to Plaintiff "to provide . . . evidence sufficient to raise substantial doubt concerning the adequacy of the agency's search." *Schoenman v. FBI*, 764 F. Supp. 2d 40, 46 (D.D.C. 2011) (cleaned up).

First, Plaintiff focuses heavily on the SEC's alleged failure to properly tailor its searches to uncover information regarding the "original issuers" of the two CUSIP numbers. *See* Dkt. 25 at 2. By uncovering information regarding the original issuers, Plaintiff apparently hopes to expose an alleged conspiracy, orchestrated by his sentencing court, to "generate profit[]" from the bonds associated with his criminal proceedings. *See id.* ¶ 17.

But Plaintiff did not make clear in either FOIA Request that he sought information regarding original issuers, *see generally* Dkt. 14-2, and agencies are "not required to speculate about potential leads," nor "look beyond the four corners of the request for leads[.]" *Kowalczyk v. DOJ*, 73 F.3d 386, 389 (D.C. Cir. 1996). The SEC could not have plausibly discerned Plaintiff's objective regarding original issuers. *See id.* ("A reasonable effort to satisfy that request does not entail an obligation to search anew based upon a subsequent clarification."). And Plaintiff may not now modify the scope of his requests through this litigation. *See Houser v. Church*, 271 F. Supp. 3d 197, 204 (D.D.C. 2017).

Second, despite Tallarico's clear attestations to the contrary, *see* Dkt. 22-2 ¶¶ 7, 25, Plaintiff insists that the SEC does in fact use CUSIP numbers to track mortgage-backed securities, *see* Dkt. 14 ¶ 13–14; Dkt. 25 at 2–3. He claims that, in response to a previous FOIA request, No. 22-02966-FOIA, submitted in September 2022, the SEC's FOIA Office represented that it did so. *See* Dkt. 14 ¶ 13; Dkt. 25 at 3.

Plaintiff, however, plainly misunderstands the SEC's FOIA office response in September of 2022. In that Request, Plaintiff sought "pooling and service agreements," "8-K reports," "F-3 registration statements," and "B-5 prospects" associated with CUSIP numbers 72202L454 (Pimco Equity Services) and 41014P797 (John Hancock Bond Trust). *See* Dkt. 14 ¶ 13; Dkt. 14-2 at 3. Because pooling and service agreements are used when loans are pooled together and packaged

into mortgage-backed securities, the FOIA Office "enclosed information related to SEC filings for mortgage-backed securities" in its response, but it never represented that it used CUSIP numbers internally to identify those securities or any of the documents sought. *See* Dkt. 22-2 at 3. Indeed, no responsive documents were found in response to that Request. *See* Dkt. 14-2 at 3.

Similarly, Plaintiff claims that in response to his December 2022 FOIA request, No. 23-00605-FOIA (again seeking 8-K reports and pooling and service and agreements), the FOIA Office responded by letter representing that CUSIP numbers are filed with the SEC. Dkt. 14 ¶ 14; Dkt. 25 at 2–3. But the FOIA Office only represented that those types of documents, if available, would be stored with Corporation Finance—its response was completely silent as to CUSIP numbers. *See* Dkt. 14-2 at 15.

Plaintiff also contends that, at an unknown point in time, unnamed SEC staff informed him by phone that 8-K reports, pooling and service agreements, and similar documents could contain CUSIP numbers. To support this, he highlights that searches in EDGAR can be done by company name or ticker symbol. *See* Dkt. 14. ¶¶ 7, 10, 13–14. This contention is speculative at best, and, as explained above, speculation that documents were or should have been found does not undermine the SEC's otherwise reasonable searches. *See Meeropol v. Meese*, 790 F.2d 942, 956 (D.C. Cir. 1986). Furthermore, the fact that EDGAR can be searched by company name or ticker symbol, both of which occurred in this case, *see* Dkt. 22-2 ¶¶ 13–14, 18, 22, does not demonstrate that the SEC uses CUSIP numbers to track filings or search for documents, or that it possesses any filings by the original issuers of those numbers.

To the contrary, Tallarico has attested that the SEC does not use CUSIP numbers. *See id.* ¶ 7. CUSIP numbers are alternative identifiers for their associated securities, and are "owned by the American Bankers Association and managed by Standard & Poor's Global Market

Intelligence," not the SEC. *See id.* It follows then, that original issuers for CUSIP numbers "are [also] not a part of the SEC, and the documents they hold are not within the SEC's possession or control." *See id.* ¶ 25.

And, because neither CUSIP numbers nor their original issuers are functions of the SEC, they cannot be used as search terms or to impose an obligation on the SEC "to create records or to answer questions." *See id.* ¶¶ 7, 25; *see also Irving v. Dep't of Treasury*, No. 13–1233, 2014 WL 5760592, at *1–2 (D.D.C. Nov. 6, 2014). Simply put, Plaintiff's personal search preferences cannot dictate the reasonableness of the scope of the SEC's search. *See Mobley v. CIA*, 806 F.3d 568, 582 (D.C. Cir. 2015).

Third, Plaintiff argues that SEC should have "contacted the CUSIP numbers['] original issuers for responsive records." Dkt. 14 ¶¶ 18, 26. However, under the FOIA, the SEC is only responsible for records over which it has "possession or control," *Kissinger v. Reps. Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980), and neither the original issuers nor the CUSIP numbers are functions of the SEC, *see* Dkt. 22-2 ¶¶ 7, 25. Plaintiff may not "demand an all-encompassing fishing expedition . . . at taxpayer expense." *Irving*, 2014 WL 5760592, at *2 (cleaned up).

Assuming Plaintiff could make such demands, which this Court does not concede, the CUSIP Service Bureau, the American Bankers Association, and Standard & Poor's are all private entities, *see* Dkt. 22-2 ¶ 7; *Thomas v. CUSIP Service Bureau*, No. 09-0852, 2009 WL 1320961, at *1 (D.D.C. May 8, 2009), and thus beyond the scope of FOIA. *See* 5 U.S.C. § 552(a), (f)(1); *Harley v. Covington*, No. 18-2633, 2020 WL 2514660, at *1 n.1 (D.D.C. May 15, 2020). Therefore, without more, the SEC lacks the authority to engage them. *See id.*

Fourth, Plaintiff contends that the SEC is intentionally withholding responsive records concerning CUSIP numbers and their original issuers. *See* Dkt. 25 at 3–4. This contention appears to be predicated on Tallarico's testimony that if he had searched more broadly for all filings that *mentioned* "PIMCO RAE US Small Fund" or "John Hancock Government Income Fund" (the current owners), rather than limiting the search to any available filings submitted by the securities themselves, it would have proved fruitless. *See* Dkt. 22-2 ¶ 23. Plaintiff overlooks the crux of Tallarico's explanation. Tallarico declined to conduct this broader "text search" because it would have produced only "filings by the *investment companies* that the funds are a part of" and would not have revealed *any* information relating to CUSIP numbers, their associated forms or contracts, or their original issuers. *See id*. Indeed, Plaintiff himself admits that this type of search "would not produce anything responsive to [the] request[s]." Dkt. 25 at 2. Moreover, Tallarico never indicated that responsive documents were found by text search or were otherwise available and withheld. *See Broaddrick v. Exec. Office of President*, 139 F. Supp. 2d 55, 65 (D.D.C. 2001) ( "[I]t is well settled that conclusory allegations unsupported by factual data will not create a triable issue of fact.") (cleaned up), *aff'd*, 38 Fed. Appx. 20 (D.C. Cir. 2002) (per curiam).

Because Plaintiff specifically requested "all contract agreements in relation to," and "all [SEC] forms that were filed with the SEC for," the two CUSIP numbers, *see* Dkt. 14-2 at 7, 19, the SEC reasonably interpreted these Requests by searching for documents where the specified CUSIP numbers were the main subject, and by searching for the funds and their associated ticker numbers in the "Company name, ticker, CIK number or individual's name" field of the EDGAR database. *See* Dkt. 22-2 ¶¶ 6–7, 10–15, 22–25. Additionally, the SEC attests that it is unaware of any other database or system that could plausibly contain the documents requested by Plaintiff. *See id.* ¶ 22.

The Court finds this rationale sufficient, as the SEC is not required to conduct searches that "would be futile and . . . unnecessary." *Cunningham v. Dep't of Justice*, 40 F. Supp. 3d 71, 85–86 (D.D.C. 2014), *aff'd*, No. 14-5112, 2014 WL 5838164 (D.C. Cir. Oct. 21, 2014) (per curiam), *cert. denied*, 135 S. Ct. 2059 (2015). For the foregoing reasons, and in light of the evidence submitted, the Court finds that the SEC has met its obligations under the FOIA. *See Truitt*, 897 F.2d at 542.

## IV. CONCLUSION

For the reasons stated above, it is hereby:

**ORDERED** that Defendant's Motion for Summary Judgment, Dkt. 22, is **GRANTED**, and it is further

**ORDERED** that Plaintiff's Cross-Motion for Summary Judgment, Dkt. 26, is **DENIED**.

This is a final appealable Order. *See* Fed. R. App. P. 4(a). The Clerk of the Court is directed to close this case. This Order is not intended for publication.

Date: March 3, 2025

/s/_____
    ANA C. REYES
    United States District Judge